IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TINA CHAMBLISS-PARTEE,

        Plaintiff,

  v.

JOHN LANGHE, and DONALD CZEIZINGER,

        Defendants.

Civil Action No.
5:16-CV-1539 (LEK/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

TINA CHAMBLISS-PARTEE, *Pro se*
109 Michaels Avenue
First Floor
Syracuse, NY 13208

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

*Pro se* plaintiff Tina Chambliss-Partee commenced this action on December 28, 2016, pursuant to 42 U.S.C. § 1983, alleging that the three originally named defendants violated her civil rights. Submitted together

with her original complaint was a request for leave to proceed in the action *in forma pauperis* ("IFP").

In an order, report, and recommendation, issued on January 12, 2017, familiarity with which is assumed, I granted the plaintiff's request for leave to proceed without prepayment of fees, but recommended that her complaint be dismissed. Dkt. No. 4. Generally speaking, the dismissal was based on (1) the lack of a showing that defendants John Langhe and Donald Czeizinger acted under color of state law; (2) the *Rooker-Feldman*[1] doctrine in light of a decision issued in New York Surrrogate's Court; and (3) the fact that defendant Kristen Lester-Hernandez was entitled to Eleventh Amendment immunity because plaintiff's claim was asserted against her in her official capacity as Director of the Department of Motor Vehicles. *See generally id.* The order, report, and recommendation was adopted by Senior District Judge Lawrence E. Kahn by order issued on April 5, 2017. Dkt. No. 8.

During the intervening time between the issuance of my order, report, and recommendation and its approval by Judge Kahn, plaintiff submitted an amended complaint, dated January 24, 1017. Dkt. No. 5.

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

That amended complaint has been referred to me by Judge Kahn for review. Dkt. No. 8 at 2, n.1.

In her amended complaint, plaintiff has again asserted claims against defendants John Langhe and Donald Czeizinger, but has dropped Kristin Lester-Hernandez as a defendant. Dkt. No. 5 at 1. Careful review of the amended complaint, however, reveals that it does not cure the deficiencies noted in my order, report, and recommendation and specifically continues to lack any allegation that the two named defendants acted under color of state law. *Id.* at 2-3. In addition, plaintiff's amended complaint does not address the question of why her claims related to the estate of Francis Czeizinger are not precluded by *Rooker-Feldman*. *See generally id.*

I have given consideration to whether, in deference to her *pro se* status, plaintiff should be given another opportunity for leave to amend and conclude that she should not. Plaintiff's claims are clearly asserted against individuals who were not acting under color of state law at the relevant times. In addition, any claims associated with or based upon the Last Will and Testament of Francis Czeizinger are precluded by *Rooker-Feldman*. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's amended complaint in this action (Dkt. No. 5) be DISMISSED, without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[2] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon plaintiff in accordance with this court's local rules.

Dated: April 14, 2017
Syracuse, New York

*[signature]*
David E. Peebles
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).